## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FALLS DODGE, INC., Respondent.
### No. 19906.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 1970.

Robert A. Giannasi, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate

---

General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Marshall F. Berman, Attys., N.L.R.B., Washington, D. C., on the brief, for petitioner.

Edward C. Kaminski, Akron, Ohio, Buckingham, Doolittle & Burroughs, Akron, Ohio, on the brief, for respondent.

Before EDWARDS, PECK and McCREE, Circuit Judges.

EDWARDS, Circuit Judge.

In this case the National Labor Relations Board seeks enforcement of its order requiring respondent automobile agency to cease and desist from certain unfair labor practices, to rehire a discharged employee, to bargain with the union representing its salesmen, and to reinstitute certain bonus and pay provisions. Respondent claims essentially that this record as a whole lacks substantial evidence to support the first three provisions of the Board's order. As to the bonus and pay provisions, respondent claims a legal right to discontinue its prior practices as a matter of retaliation for the union's having called an illegal strike. We grant enforcement of the Board's order as to the first three provisions and remand the last issue to the Board for further consideration and findings of fact.

In February of 1967 the majority of respondent's salesmen joined a union then called the Professional Automobile Salesmen Association.[1] Thereafter the union wrote respondent claiming majority representation of its salesmen and asking recognition as sole collective bargaining representative. It also sought an NLRB election.

The company did not respond to the recognition letter but did enter into a consent election. The company president made a number of statements to the five union members which the Hearing Examiner and the Board subsequently found to be violations of § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) (1964).

The salesmen, although they had been told they would be fired if they went out on strike, did strike. Subsequently they abandoned their strike, but one of them, Davis, was fired and certain previously existing bonuses and commissions were discontinued. Subsequent thereto, an election was held which the union lost by four votes to three. The union thereupon filed objections, claiming that the company's unfair labor practices had interfered with a fair election.

After hearing the Examiner and the Board found that the Company had violated §§ 8(a) (1) and (3) (29 U.S.C. § 158(a) (1), (3) (1964)) of the Act by making the threats referred to above, by discharging Davis, and then by canceling the bonus payments. The Board also found a refusal to bargain in violation of § 8(a) (5) (29 U.S.C. § 158(a) (5) (1964)) and (alternatively) coercive practices which made a fair election impossible. The Board entered a cease and desist order in relation to the violations found, required the company to reinstate Davis and pay him backpay, ordered bargaining, and ordered respondent to reinstate the bonus and commission arrangements.

■ On inspection of this record taken as a whole, we find no doubt of the substantiality of evidence available to support the Board's findings of fact. Respondent never disputed the fact that the majority of its employees had joined the union; but it did promptly by persuasion and threats seeks to dissuade them from such affiliation. Respondent defended the discharge of the union committeeman Davis by asserting that Davis

---

1. Subsequently the Professional Automobile Salesmen Association voted to affiliate with the Office & Professional Employees International Union, AFL–CIO, and on General Counsel's petition, the Board amended its order to substitute Professional Automobile Salesmen Union, Local 436, affiliated with the Office & Professional Employees International Union, AFL–CIO for PASA. We find no irregularity in this proceeding.

had failed promptly to turn in a $10 deposit—a claim which the Examiner and the Board found on analysis of substantial evidence to be pretextual. The Board's alternative ground for ordering bargaining corresponds to the standard established in NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed. 2d 547 (1969). We find no reason in either the factual or legal issues presented to reject any portion of the Board's order, except that dealing with the bonus and commission reinstatement.

As to this issue the Board squarely found that respondent violated §§ 8(a) (1) and (3) on the day after the strike by "reducing the wages and changing the working conditions * * * in retaliation for striking."

Respondent, however, contends that the strike was illegal and relies in this regard upon evidence by its attorney, who testified that during the strike he was told by a union representative that there could be no settlement of the strike except on the basis of Association representation of all the automobile dealers in signing a contract with PASA. This claim had previously been the subject of an unfair labor practice charge by Falls Dodge which had been investigated and decided adversely to respondent first by the Regional Director and then by the Director of the Office of Appeals in the General Counsel's office.

The Board itself, however, made no finding as to whether the strike was legal or illegal, although the record clearly shows that respondent's exceptions to the Trial Examiner's recommendations properly raised the claimed illegality of the strike as an issue for the Board.

Section 8(b) (1) (B) provides:

"(b) *It shall be an unfair labor practice for a labor organization or its agents—*

"(1) *to restrain* or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: *Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein; or (B) *an employer in the selection of his representatives for the purposes of collective bargaining or the adjustment of grievances;"* 29 U.S.C. § 158(b) (1) (B) (1964). (Emphasis added.)

We do not believe that denial of respondent's unfair labor practice complaint by the Regional Director and Appeals Director rendered respondent's claim that the strike was illegal res adjudicata. Maxwell Company v. NLRB, 414 F.2d 477 (6th Cir. 1969). We decline to decide upon the relevance and effect of the claimed illegality of the strike until the Board has entered findings of fact upon that issue.

Enforcement of the Board's order is granted as to all of its provisions except that pertaining to the bonus and commission issue. As to that issue, the case is remanded for specific findings and Board decision.